Francis X. Conlon, J.
The New York City Housing Authority applies for an order setting aside a determination of the State Civil Service Commission which reversed the Housing Authority’s dismissal of one Melvin H. Wyatt ftom his position as “ Housing Guard ”. Cross motions to dismiss the petition as insufficient in law are made by Wyatt and the commission.
Wyatt was dismissed, as a “ security risk ”, pursuant to the Security Risk Law (L. 1951, eh. 233, as amd.). He appealed to the commission pursuant to section 6 of the statute. The commission found that Wyatt’s membership in the Communist party, at one time, and his activities in connection with the party, constituted “ reasonable grounds for the belief that appellant was a person of doubtful trust and reliability as provided in the Security Risk Law ”. The commission expressed the opinion, however, that it was also necessary for the Housing Authority to show “ that by virtue of his employment in the position from which he was dismissed, the appellant could by disclosure of confidential information, by sabotage, or by any other means, endanger the security or defense of the Nation and the State”. Because the petitioner had failed to make such a showing, its dismissal of Wyatt was reversed.
Petitioner’s contention before the commission was, and it also is in this proceeding, that because the commission, pursuant to section 3 of the statute, had determined that the New York City Housing Authority was a “ security agency ”, as defined in subdivision (a) of section 2, petitioner was relieved of the necessity of showing that Wyatt’s duties were such as to involve *357 a security risk. Petitioner claims that all it had to show was the existence of ‘' reasonable grounds * * * for belief ’ ’ that Wyatt was a person of “ doubtful trust and reliability ” (§ 5).
The sections comprising the Security Risk Law are poorly drawn and the legislative intent and purpose, in respect of the issue here presented, is not at all clear. Section 3 authorizes the Civil Service Commission to determine whether any department, division, bureau or agency is a “ security agency” or whether any position is a “ security position ”, said determination to be subject to judicial review. Section 2 (subd. [a]) defines a “ security agency ” as a department, bureau, agency, etc., “ (1) wherein functions are performed which are necessary to the security or defense of the nation and the state; or (2) where confidential information relating to the security or defense of the nation and the state may be available ”. The term “ security position ” is defined, in subdivision (b) of section 2, as “ (1) any office or position in the public service which requires the performance of functions which are necessary to the security or defense of the nation and the state; or (2) any office or position in any public agency or department where confidential information relating to the security or defense of the nation and the state may be available ”. This distinction between a position in a “ security agency” and a “ security position ”, standing by itself, would seem to indicate that it was the legislative intent, in the case of a person employed in a “ security agency ”, to relieve the agency of the necessity of showing that the position occupied by the dismissed employee was a “ security position ”, i.e. a position which requires performance of security or defense functions, or one in which confidential information relating to security or defense may be available. Unfortunately, however, the section authorizing dismissal of a person under the statute, viz. section 5, does not carry out this distinction. It does not state that a person employed in a “security agency” may be dismissed on a mere showing that reasonable grounds exist for belief that the person is of doubtful trust and reliability. Instead, it provides that ‘ ‘ reasonable grounds [must] exist for belief that, because of doubtful trust and reliability, the employment of such person in such position would endanger the security or defense of the nation and the state ”. No effect seems to be given in this language to the distinction between a “ security agency ” and a “ security position ” in sections 2 and 3 (supra).
Section 1, which constitutes the “ Declaration of legislative findings and intent ”, upon the basis which the remainder of *358 the statute is based, fails even to mention employment in a “ security agency”, but, instead, speaks only of persons employed “in security positions These words, “security positions ”, are repeated four times in section 1.
Furthermore, as the commission has pointed out in its opinion, the term “ security agency” is so defined as to include agencies which may perform only as little as one function necessary to security or defense, or which may ‘‘ have confidential information relating to the same ”, and which may perform many additional functions not relating to security or defense and not involving the possession of confidential security or defense information. Was it the legislative intent that a person employed by an agency only one of whose many functions relates to security or defense, or confidential security information, could be properly dismissed, although such employee’s duties have no connection or relationship whatever with the defense function? The commission has found that such was not the legislative intent. Whatever the proper view may be if the agency is one solely or primarily engaged in security or defense functions (such, for example, as the National Guard) the court is of the opinion that the statute, particularly section 5 (supra) is so worded that, in a case such as this, involving an agency whose functions are not all related to security or defense and do not all entail the availability of confidential security or defense information, there must be evidence submitted that the person sought to be dismissed could, in the position occupied by her, do acts which would endanger security or obtain confidential information bearing upon security.
In the recent case of Matter of Lerner v. Casey (2 N Y 2d 355) the dismissal of an employee of the Transit Authority was upheld. Although the court squarely held that the Transit Authority had been properly designated as a “ security agency ’ ’ by the State Civil Service Commission (p. 367), it apparently felt that this was not enough, in itself, to render the statute constitutional as to an employee of the Transit Authority who was in no position to commit acts detrimental to defense or security or to obtain confidential security information. Thus, the argument that no emergency could justify the dismissal of the petitioner in the ease before the court, because his position (p. 369) “ could have no rational connection with national security ” was refuted by the court’s pointing out (p. 370) that the petitioner’s position as conductor could pose a “ real threat to the security of the State and of the city ”. The reasoning of the Court of Appeals suggests strongly that the court’s view would have been different had the nosition of the peti *359 tioner been one having no rational connection with the national or State security.
Section 6 of the statute provides that the Civil Service Commission’s determination of an appeal " shall be final and conclusive and shall not be subject to review in any court ”. Such a provision, it is true, does not preclude judicial review of arbitrary and unlawful determinations. The court is, however, of the opinion that the commission’s construction of the statute is not arbitrary or unreasonable, but, rather, that it represents the better view as to the legislative intent.
Petitioner, though given ample opportunity to show that Wyatt’s position enabled him to do acts detrimental to defense and security or to obtain confidential security or defense information, failed to avail itself of such opportunity.
The motion is, accordingly, denied and the cross motions granted.